**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5199**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ARSEN BEDZHANYAN,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.   John T. Copenhaver, Jr., District Judge.  (2:11-cr-00193-1)

Submitted:  May 22, 2012              Decided:  June 12, 2012

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant. Meredith George Thomas, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Arsen Bedzhanyan pled guilty to a single count of aiding and abetting aggravated identity theft, violating 18 U.S.C. § 1028A (2006), and was sentenced to eighteen months' imprisonment. Counsel for Bedzhanyan has now submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that he has divined no meritorious grounds for appeal but inquiring whether Bedzhanyan's sentence is unreasonable. The Government has moved to dismiss the appeal of Bedzhanyan's sentence based on his waiver of appellate rights. Bedzhanyan has declined to file a pro se supplemental brief. We have reviewed the record, and we dismiss in part and affirm in part.

A criminal defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope of that waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Fed. R. Crim. P. 11, the waiver is both valid and enforceable. Manigan, 592 F.3d at 627; United States v. Johnson, 410 F.3d 137, 151 (4th Cir.

2

2005).  Our review of the record convinces us that Bedzhanyan knowingly and voluntarily waived the right to appeal his sentence.  We therefore grant the Government's motion to dismiss the appeal of Bedzhanyan's sentence.

Although Bedzhanyan's appeal waiver insulates his sentence from appellate review, the waiver does not prohibit our review of his conviction pursuant to Anders.  Accordingly, we have reviewed the remainder of the record in this case and have found no meritorious issues for review.  We therefore affirm Bedzhanyan's conviction.

This court requires that counsel inform Bedzhanyan, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bedzhanyan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bedzhanyan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>